UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN PARK, an individual, on behalf of himself and persons similarly situated,<br><br>                    Plaintiff(s),<br>            v.<br><br>MORGAN STANLEY & CO., INC., a Delaware corporation; MORGAN STANLEY SMITH BARNEY LLC, a Delaware limited liability company; and CITIGROUP GLOBAL MARKETS, INC., a New York corporation;<br><br>                    Defendants. | Case No. CV 11-9466 ODW (MRWx)<br><br>**CLASS ACTION**<br><br>**[PROPOSED] PROTECTIVE ORDER RE USE OF PRIVATE AND CONFIDENTIAL INFORMATION**<br><br>Action Filed: November 15, 2011<br>Trial Date: None Set |

- 1 -

[PROPOSED] ORDER
(Case No. CV 11-9466 ODW (MRWx))

OHSWEST:261426586.1

**Good Cause Statement**: Plaintiff Austin Park and Defendants Morgan Stanley & Co. Incorporated, Morgan Stanley Smith Barney LLC and Citigroup Global Markets, Inc. (collectively "Stipulating Parties"), through their respective counsel of record, acknowledge and agree that the prosecution and defense of this action is likely to require the exchange of Confidential Information (as that term is defined below) the public disclosure of which could cause irreparable harm to the Stipulating Parties, including but not limited to former and current employees' personnel data (including information related to termination of employment); employee compensation information, and proprietary compensation plans. The Stipulating Parties agree that public disclosure of Confidential Information may violate former and current employees' right of privacy by disclosing their private personnel and financial data. In addition, public disclosure of Confidential Information may also cause financial harm and injury to Morgan Stanley & Co. Incorporated, Morgan Stanley Smith Barney LLC and Citigroup Global Markets, Inc.'s ability to compete in the marketplace by disclosing trade secret, proprietary and commercial information that is not otherwise available to the public. Morgan Stanley & Co. Incorporated, Morgan Stanley Smith Barney LLC and Citigroup Global Markets, Inc. treat its Confidential Information in a confidential manner and has policies in place to limit the disclosure of this information.

As such, good cause appearing, the Court hereby approves and enters this Protective Order relating to the use of private and confidential information, stipulated, consented to and agreed by the Stipulating Parties, through their respective counsel of record:

1. That the preparation and trial of this action may require the discovery or disclosure of documents, information or other material claimed by one or more of the parties to this action or others to be confidential.

2. In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, adequately protect material

entitled to be kept confidential, and serve the ends of justice, a protective order for such information is prudent and necessary.

3.  Any Stipulating Party may designate as "Confidential" any documents or other information that contains "Confidential Information," as that term is defined in Paragraph 4 below, that a Stipulating Party has kept secret or confidential, or information which, if disclosed, could place a Stipulating Party at a competitive disadvantage in the marketplace or cause disclosure of private information. Documents, depositions, and interrogatory responses or other papers shall be designated confidential by stamping the word "Confidential" on each page of the document containing confidential information or by a Stipulating Party advising the other Stipulating Party in writing that such documents are deemed to be confidential.

4.  "Confidential Information" includes documents or other information relating to trade secrets, proprietary or other confidential commercial information that belongs to Morgan Stanley & Co. Incorporated, Morgan Stanley Smith Barney LLC and/or Citigroup Global Markets, Inc. ("Defendants"), including the following specific categories of documents: (1) documents that reveal confidential employee information such as name, address, telephone number, salary, compensation, commission or asset information, trading activity, or demographic or other personal information; (2) documents that reveal financial or personal information regarding Defendants' clients; and (3) documents that reveal confidential financial or commercial information regarding Defendants' business that is not available to the public or Defendants' competitors. "Confidential Information" also includes private and confidential documents or information relating to Austin Park or past and present employees of Defendants, including private personnel or financial information. Execution of this protective order shall not waive any right otherwise available to the Stipulating Parties to object to the production of any such requested information on privacy, attorney-client privilege, attorney work product, relevancy

1  or other grounds when the parties deem such an objection to be necessary or
2  appropriate.

3      5.    Neither the provisions of this Stipulated Protective Order, nor any
4  designation or failure to designate any particular information, document or material
5  by a party as Confidential Information shall, in this litigation or any other litigation,
6  constitute a waiver of the rights of a party to assert confidentiality with respect to
7  any document, material or information meeting the definition of Confidential
8  Information in Paragraph 4 above.  Upon discovery of an inadvertent or otherwise
9  non-designation, the discovering party will immediately notify the opposing party
10 and the information, document or material identified will be treated as if it had been
11 originally designated as Confidential Information and will be subject to the terms of
12 this Stipulated Protective Order.

13     6.    Pursuant to Federal Rule of Evidence 502, the producing party shall
14 have the right to "claw back" (*i.e.*, have returned from the receiving Party) any
15 information disclosed in connection with the litigation of this case which contain
16 information protected by the attorney-client privilege, attorney work product
17 doctrine, and any other applicable privilege or immunity ("Disclosed Protected
18 Information").  The disclosure of any Disclosed Protected Information shall not be
19 deemed a waiver or forfeiture of any claim of privilege that the producing party
20 would be entitled to assert with respect to the Disclosed Protected Information and
21 its subject matter.  The producing party must exercise its rights under this
22 Paragraph by providing a written notice to the receiving party that the producing
23 party is invoking its right to claw back such documents and identifying the
24 documents to be returned.  Upon receipt of such written notice, the receiving party
25 shall immediately cease any use, whatsoever, of such documents.  Within ten (10)
26 days of receiving such written notice, the receiving party shall either (1) provide to
27 the producing party a written confirmation that all Disclosed Protected Information
28 has been returned or destroyed, or (2) move to compel the production of Disclosed

Protected Information. Any such motion may not assert as a ground for entering such an order the fact or circumstances of the disclosure. Nothing in this Paragraph limits the right of any party to petition the Court for *in camera* review of the documents as issue in such a motion.

7. All Confidential Information provided by the parties pursuant to discovery or otherwise obtained in the course of this litigation shall be treated as confidential and shall not be disseminated to any person not directly connected with this specific litigation. Specifically, all Confidential Information listed in Paragraph 4 that is obtained through discovery or otherwise from the parties in this case shall not be disclosed to anyone other than:

(a) retained and corporate attorneys for any Stipulating Party who are engaged in litigating this action and the employees of such attorneys;

(b) persons not employees of any Stipulating Party who serve as experts or consultants ("outside experts") to assist such Stipulating Party's counsel in the prosecution or defense of this action, including, but not limited to statisticians, economists, attorneys and other experts, and the employees of such persons;

(c) a Stipulating Party, or principals, officers, employees, agents or representatives of any Stipulating Party whose assistance or consultation is required by counsel in connection with the prosecution or defense of this action;

(d) potential witnesses in connection with this litigation;

(e) the Court and mediators, and the personnel of any of the foregoing.

8. No person shall make any disclosure of Confidential Information to any person falling within categories (b) or (d) in Paragraph 7 without first obtaining from any such person a signed statement in the form attached hereto as Exhibit "A." Either party may request of the other, a copy (if any) of said signed statement(s) to counsel. Subject to applicable privileges (e.g., consulting experts, testifying experts

prior to designation), the other party must promptly comply with such a request by providing copies of the signed statement(s) by telecopier or other appropriate means, and in no event beyond five (5) business days of such a request. If a party objects to the disclosure of information to a particular person, the Stipulating Party objecting to such disclosure shall have five days to both hold a pre-filing conference as provided in Local Rule 37-1 and submit to the opposing party a joint stipulation for a protective order from the Court barring such disclosure and no such disclosure shall be made until further order of the Court.

9. No disclosure of Confidential Information shall be made except in accordance with this Stipulation and Protective Order, and no use shall be made of any Confidential Information except in accordance with this Stipulation and Protective Order.

10. This order shall in no way impair the right of any party to raise or assert a defense or objection, including but not limited to defenses or objections to the production of documents or information and to the use, relevancy or admissibility at the trial of this litigation of any evidence, whether or not comprised of documents or information governed by this order.

11. All attempts to use any Confidential Material in connection with any pleading, motion or as evidence shall be governed by the procedures set forth in Local Civil Rule 79-5. If any Stipulating Party intends to file or lodge with the Court for any purpose any portion of any document, answer to interrogatory or request for admission, or deposition transcript identified as containing information that has been designated as Confidential Information by another Stipulating Party, or any pleading, motion, brief, or declaration containing or disclosing information that has been designated as Confidential Information by another Stipulating Party, it will first provide the Designating Party no less than two court days' notice of such intent. This notice will clearly identify, by Bates-stamp number or other detailed description, the specific documents that are to be filed/lodged with the Court. This

minimum five-day notice period will enable the Designating Party an opportunity to serve on the Stipulating Party that intends to file or lodge the Confidential Information a written application and proposed order requesting that the pleading, motion or evidence (or portion thereof) containing Confidential Information be filed under seal, pursuant to Local Rule 79-5.1.  The application must show good cause for filing under seal.  The Stipulating Party that lodges or files potentially affected documents shall then present to the judge to whom the affected papers are directed, along with the potentially affected documents, the Designating Party's application and proposed order, pursuant to Local Rule 79-5.1.  The Stipulating Party that lodges or files potentially affected documents with the Court also will file or lodge them in an envelope or container marked "CONDITIONALLY UNDER SEAL" pending the Court's ruling on the Designating Party's application.  The Court's refusal to order certain documents sealed does not impact or abrogate any party's designation of those documents as Confidential Information.

12.  Nothing in this order shall preclude any party from using Confidential Information at the trial of this litigation; provided, however, that prior to using such material the party offering it advises the Court and all other parties so that steps can be taken to ensure the preservation of the confidential nature of the information to be used, if deemed necessary and appropriate by the Court.

13.  Should any Stipulating Party object to the Confidential treatment of any information designated Confidential under the terms hereof, such Stipulating Party shall, after meeting and conferring in good faith with the designating party as required by Local Rule 37-1, move the Court consistent with the requirements of Local Rule 37-1 for an order releasing the material from the designation as Confidential.

14.  Nothing contained herein shall restrict in any way the rights of any Stipulating Party producing Confidential Information to release that information or otherwise make it non-Confidential.

15. All Confidential Information, including but not limited to documents produced by Plaintiff or Defendants that relate to Defendants' trade secrets, proprietary or other confidential information, that belongs to Defendants shall remain the property of Defendants, together with all copies thereof, and shall be returned to counsel for Defendants at the conclusion of the litigation. Notes, summaries and other documents protected by the work product doctrine shall remain subject to this Stipulation and Protective Order.

16. This Stipulation and Protective Order shall not limit the right of any party to apply for further protective orders as modifications or extensions of this order, and shall not restrict the use by any party of its own information.

17. Once protections in this Stipulation and Protective Order have attached to a document, statement or item of information hereafter communicated, such protections shall not be reduced or waived by further communicating, restating, summarizing, discussing or referring to any such documents, statements or information.

IT IS SO ORDERED:

Dated: __January 4_____, 2012       _____/s/ Judge Wilner_____
                                        Hon. Michael R. Wilner
                                        United States Magistrate Judge

**EXHIBIT A**

<u>CERTIFICATION</u>

I _____, hereby state and declare that I have read and understand the attached Protective Order re Private and Confidential Information (the "Protective Order") in the matter of *Austin Park v. Morgan Stanley & Co., Inc., Morgan Stanley Smith Barney LLC and Citigroup Global Markets, Inc*. United States District Court, Central District of California Case No. CV11-9466 ODW (MRWx), and hereby agree to fully comply with the terms and conditions thereof.  This Protective Order is enforceable by the United States District Court, Central District of California.

Executed this ___ day of _____ 2012, at _____.

_____
(Signature)