O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN PARK,<br><br>                Plaintiff,<br>    v.<br><br>MORGAN STANLEY & CO., INC.;<br>MORGAN STANLEY SMITH<br>BARNEY LLC; CITIGROUP GLOBAL<br>MARKETS INC.,<br><br>                Defendants. | Case No. 2:11-cv-9466-ODW (MRWx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [20]** |

## I.   INTRODUCTION

Pending before the Court is Defendants Morgan Stanley & Co., Inc.; Stanley Smith Barney LLC; and Citigroup Global Markets, Inc.'s ("Defendants") January 5, 2012 Motion to Dismiss Plaintiff Austin Park's ("Plaintiff") Complaint. (Dkt. No. 20.) Plaintiff filed an Opposition on January 23, 2012 (Dkt. No. 33), to which Defendants filed a Reply on January 30, 2012 (Dkt. No. 34).  Having carefully considered the papers filed in support of and in opposition to the instant Motions, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C. D. Cal. L. R. 7-15. For the reasons discussed below, Defendants' Motion is **GRANTED**.

## II. FACTUAL BACKGROUND

Plaintiff brings this class action suit pursuant to Federal Rule of Civil Procedure 23 against Defendants alleging breach of contract and unlawful, deceptive, and/or unfair business practices under California Business and Professional Code section 17200. Specifically, Plaintiff asserts that Defendants withheld commissions owed to its employees, the proposed class in this case. (Compl. ¶ 1.)

Plaintiff's proposed class is composed of financial advisors employed by Defendants. (*Id.*) As a financial advisor, Plaintiff sold variable annuities and other financial products to investors in exchange for commission payments from Defendants. (Compl. ¶ 6.) Plaintiff asserts that these commissions were determined by the "applicable commission grid," which was included in an unspecified "written agreement" between the parties. (Compl. ¶ 32.) Further, Plaintiff states that "Defendants' compensation guides and agreements with Plaintiff" represented that commissions would be paid to financial advisors based on the entire amount of compensation received by Defendants from the sale of financial products. (Compl. ¶ 25.) Nevertheless, Plaintiff contends that Defendants "skim[med off] a portion of the compensation paid by the vendor before applying the remaining amount to the commission grid," thereby reducing the commission payments it paid to Plaintiff and the proposed class. (*Id.*)

Pursuant to the foregoing, Plaintiff alleges that Defendants "knowingly created and maintained policies, practices, and customs that denied employees earned commission payments for the sale of certain financial products." (Compl. ¶ 2.) Plaintiff asserts that these "policies, practices, and customs" resulted in the Defendant's unjust enrichment and breach of contract. (*Id.*)

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds'

of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal citation and quotation marks omitted).  The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

When considering a Rule 12(b)(6) motion, a court is generally limited to considering material within the pleading and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).  A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Plaintiff's Complaint alleges claims for breach of contract and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. Defendant moves to dismiss Plaintiff's Complaint in its entirety. The Court considers each claim in turn.

### A. PLAINTIFF'S FIRST CLAIM FOR BREACH OF CONTRACT

Plaintiff's first claim for breach of contract alleges that Defendants have failed to pay the proposed class contracted-for commissions pursuant to the applicable commission grid for the sale of investment products. Defendants contend that Plaintiff has failed to plead sufficient facts alleging a breach of contract. (Mot. at 22–24.)

To state a claim for breach of contract under California law, Plaintiff must plead: (1) a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damage to plaintiff therefrom. *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968). Here, Plaintiff states that he entered into a written contract with Defendants on July 14, 2006, under which he was to be paid commissions pursuant to the applicable commission grid; however Plaintiff fails to allege the nature of the contract sufficiently enough to give Defendant notice of the contract to which Plaintiff refers.

Plaintiff's Complaint refers to the contract Defendants allegedly breached only as "compensation guides and agreements." (Compl. ¶ 10.) Such a broad allegation leaves Defendants to guess as to which "agreement" was actually breached.

Furthermore, "without alleging facts that make the existence of a contract . . .plausible, plaintiff cannot state a claim for breach of contract." *Blanco v. Am. Home Mort. Servicing, Inc.*, No. Civ. 2:09-578 WBS DAD, 2009 U.S. Dist. LEXIS 119338, at *24 (E.D. Cal. Dec. 4, 2009). Accordingly, the Court finds that Plaintiff has failed to allege sufficient facts to show the existence of a contract.

Plaintiff likewise fails to allege any specific terms of the contract he claims Defendants actually breached. Although Plaintiff need not set out the terms of the contract in detail, Plaintiff must identify enough contractual terms with sufficient factual specificity to render his claim more than "a formalistic recitation of the elements" of a breach of contract claim. *Iqbal*, 129 S. Ct. at 1949; *see also Vaccarino v. Midland Nat'l Life Ins.*, CV 11-05858 CAS MANx, 2011 U.S. Dist. LEXIS 132982, at *19 (C.D. Cal. Nov. 14, 2011) (dismissing plaintiff's complaint for failure to identify specific terms or which terms were breached); *Rochester-Genesee Transp. Auth. v. Cummins Inc.*, 09-CV-6370 MAT, 2010 U.S. Dist. LEXIS 75805, at *11 (W.D. N.Y. Jul. 28, 2010) ("Plaintiff's complaint must contain, in non-conclusory language, the specific terms of the parties' contract"). Plaintiff's Complaint, as alleged, fails to meet this requirement. In particular, Plaintiff's broad allegation that "Plaintiff and Defendants entered into a written agreement which stated that Plaintiff was to be paid commissions pursuant to the applicable commission grid" (Compl. ¶ 32) is wholly insufficient to support his contention that he has "performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions" of the unspecified contract. (Compl. ¶ 33.)

In addition, Plaintiff's allegations regarding Defendants' breach are far too cursory. Plaintiff broadly contends that "Defendants skim[med] a portion of the compensation paid by the vendor before applying the remaining amount to the compensation grid" (Compl. ¶ 25) and characterizes Defendants' actions as a "regular[] and systematic[] fail[ure] to pay Plaintiff commissions based on the entire amount of compensation received" (Compl. ¶ 29). However, Plaintiff does not

specify when and how Defendants supposedly contracted that Defendants would pay commissions based on the entire amount of compensations received, which type of vender compensation was allegedly withheld from commission calculations, or how much compensation was allegedly withheld from which vendors. (Mot. at 24.) Without more, Plaintiff's Complaint fails to give Defendants fair notice of Plaintiff's claim and the grounds upon which it rests. *See Twombly*, 550 U.S. at 555.

### B. PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF CALIFORNIA'S UCL

Plaintiff predicates his second claim for violation of California's UCL on his first claim for breach of contract. Defendants argue that Plaintiff's UCL claim should be dismissed because it depends entirely on a faulty breach of contract claim. (Def's Mot. to Dismiss at 20.) The Court agrees.

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999).

As discussed, the Court finds that Plaintiff has failed to plead sufficient facts to constitute a breach of contract claim. Accordingly, Plaintiff's claim for violation of the UCL is left without a basis on which to stand. *See Morales v. Chase Home Fin. LLC*, No. 10-02068 JSW, 2011 U.S. Dist. LEXIS 49698, at *28 (N.D. Cal. Apr. 11, 2011) (dismissing plaintiff's section 17200 claim because it was predicated on an insufficient breach of contract action); *Grill v. BAC Home Loans Servicing LP*, No. 10-CV-03057 FCD GGH, 2011 U.S. Dist. LEXIS 3771, at *26-27 (E.D. Cal. Jan. 13, 2011) (dismissing plaintiff's section 17200 claim when underlying. claims were dismissed). Defendants' Motion is therefore **GRANTED** with respect to Plaintiff's second claim.

## V. CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff shall have twenty-one (21) days from the date of this Order to amend his Complaint, provided he can, in good faith, allege facts to state claims for breach of contract and violation of California's UCL.

In addition, the hearing on Plaintiff's February 13, 2012 Motion to Certify Class (Dkt. No. 36) is hereby **VACATED** pending further motions to dismiss. The Court will issue a scheduling order containing the new hearing date and briefing schedule at such time, if any, as the time for filing further motions to dismiss expires. The parties shall not file any further papers in relation to Plaintiff's Motion to Certify Class until instructed to do so.

**IT IS SO ORDERED.**

February 22, 2012

_____
**HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE**